IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                          )
ALICE PEAK                                )
1397 Congress St. SE, Apt. 4              )
Washington, DC  20032,                    )
                         Plaintiff,       )
                                          )
v.                                        )
                                          )
DISTRICT OF COLUMBIA                      )
One Judiciary Square                      )
441 Fourth Street, NW                     )
Washington, DC  20001,                    )
                         Defendant.       )
_____ )
```

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Alice Peak, on behalf of her minor ward R.P. and through undersigned counsel, for her complaint herein alleges as follows:

### INTRODUCTION

1. This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461, as that law existed prior to July 1, 2005. The Plaintiff seeks an injunction ordering the District of Columbia Public Schools ("DCPS") to fund an independent functional behavioral assessment of R.P., to review and revise R.P.'s Individualized Education Program ("IEP") based on the results of this assessment, and to provide R.P. with compensatory education for all prior deficiencies in her special education instruction.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3.  The Plaintiff has participated in an impartial administrative hearing conducted by the DCPS Office of Management Services. The Hearing Officer did not grant the relief requested in this complaint.

## PARTIES

4.  Alice Peak is the adult grandmother and guardian of R.P., an eleven-year-old girl born on February 28, 1994. Ms. Peak and R.P. reside together in Washington, DC.

5.  The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

## FACTS

6.  DCPS is an agency of the District of Columbia.

7.  DCPS has classified R.P. as an emotionally disturbed child.

8.  DCPS placed R.P. at Hamilton Center for the 2003-2004 SY and the 2004-2005 SY.

9.  Hamilton Center was never an appropriate placement for R.P.

10. On February 10, 2005, DCPS completed another review and revision of R.P.'s IEP.

11. R.P.'s revised 2005 IEP included an intervention behavior plan.

12. DCPS has never completed a functional behavioral assessment of R.P..

13. DCPS cannot develop an appropriate IEP with an intervention behavior plan until a functional behavioral assessment of R.P. is completed.

### COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

14. The allegations of Paragraphs 1-13 above are incorporated herein as if repeated verbatim.

15. The Individuals with Disabilities Education Act ("IDEA") requires the Defendant to provide all children with disabilities in their jurisdiction free appropriate public education ("FAPE").

16. DCPS denied R.P. a FAPE by failing to provide her with an appropriate educational placement.

17. DCPS has denied and continues to deny R.P. a FAPE by failing to complete a functional behavioral assessment and to develop an appropriate IEP based on that assessment.

18. As a result of this violation, R.P. has experienced and continues to experience harm to her educational development.

## COUNT II: FAILURE TO EVALUATE IN ALL AREAS OF SUSPECTED DISABILITY

19. The allegations of Paragraphs 1-18 above are incorporated herein as if repeated verbatim.

20. 20 U.S.C. § 1414(b)(3)(B) requires the Defendant to evaluate each qualified child in all areas of suspected disability.

21. DCPS has violated and continues to violate Section 1414(b)(3)(B) of the IDEA by failing to complete a functional behavioral assessment of R.P..

22. As a result of this violation, R.P. has experienced and continues to experience harm to her educational development.

## COUNT III: FAILURE TO DEVELOP AN APPROPRIATE IEP

23. The allegations of Paragraphs 1-22 above are incorporated herein as if repeated verbatim.

24. Section 1414(d) of the IDEA requires DCPS to develop an appropriate IEP based on adequate evaluations in all areas of suspected disability.

25. DCPS has violated and continues to violate Section 1414(d) of the IDEA by failing to develop an appropriate IEP based on a current functional behavioral assessment of R.P..

26. As a result of this violation, R.P. has experienced and continues to experience harm to her educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) issue an injunction ordering DCPS to fund an independent functional behavioral assessment of R.P., to develop an appropriate IEP based on the results of this assessment, and to provide R.P. with compensatory education for all prior deficiencies in her FAPE;

2) award the Plaintiff attorneys' fees and costs of this action;

3) award any other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038